Gerard F. Dunne
Admitted pro hac vice
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, NY 10010
Telephone: 212-645-2410
Facsimile: 212-645-2435
Email: gfdunee@covad.net
Attorney for Defendants Avon
Products, Inc. and E&B Giftware, LLC

**ELECTRONICALLY FILED**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIS ENTERPRISES, INC., | Civil Action No. CV 07-03062 (ABC)(SSx) |
| Plaintiff, | |
| v. | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER |
| AVON PRODUCTS INC., et al, | |
| Defendants. | |

The parties engaged in this action having agreed that it would serve their interests to conduct discovery in this action under a Protective Order pursuant to Fed. R. Civ. P. 26(c); and

The parties having conferred and agreed as to the provisions of such Protective Order.

IT IS HEREBY ORDERED THAT:

1. The parties in this action and each party from whom discovery is sought in this action may label or segregate documents and things produced by it, its answers to interrogatories, or any of its other responses to discovery demands,

-1-

1  as CONFIDENTIAL to the extent that it believes in good faith that such
2  documents, things, answers, or responses (hereinafter "CONFIDENTIAL
3  MATERIAL") contain non-public trade secrets or other confidential research,
4  development, or commercial information. Each such document, things, answer, or
5  response shall be stamped "Confidential" on each page containing confidential
6  material. Such labeling or segregation shall be made at the time that a response to
7  a discovery demand is made. Information disclosed during depositions upon oral
8  examination under F.R.C.P. 30 that is to be treated as CONFIDENTIAL
9  MATERIAL under this Protective Order, shall be designated as CONFIDENTIAL
10 by the deponent or his counsel prior to the completion of such deposition and shall
11 be bound separately and labeled CONFIDENTIAL.
12         2.    CONFIDENTIAL MATERIAL received from a party shall be
13 transmitted to or used only by persons permitted access to it pursuant to Paragraph
14 3 below; and shall be used solely for purposes directly related to the preparation
15 for trial in this action only.
16         3.    Except as otherwise directed by a Court of competent jurisdiction,
17 CONFIDENTIAL MATERIAL received from a party may be disclosed by persons
18 receiving said material only to the following persons:
19         (a)   Counsel of record for the respective parties to this litigation,
20 including employees of the law firm of such counsel of record.
21         (b)   The parties, employees and agents of the parties to this action who
22 have a need to review such information for the sole purposes of assisting counsel
23 in this action or to participate in settlement discussions.
24         (c)   Any independent outside experts or consultants retained by any of
25 the parties or their counsel for purposes of this litigation, including their
26 secretarial and clerical personnel, provided that the outside experts and consultants
27 have first read this Stipulation and Protective Order and have agreed in writing as
28 set forth in the attached Acknowledgment and Agreement To Be Bound, to adhere

1  to the provisions thereof and consent to the jurisdiction of the United States
2  District Court for The Central District of California for any action brought as a
3  result of any violation of this Stipulation and Protective Order, which writing shall
4  then be served upon counsel for each party together with the address of the outside
5  expert or consultant, and further provided that no disclosure may take place until
6  the expiration of ten (10) business days after such service is made upon counsel
7  for each other party (the "Written Objection"), after which, disclosure may
8  proceed unless application for court order preventing disclosure has been filed
9  with the District Court no later than twenty (20) days after service of the Written
10 Objection. Any application/motion to prevent the disclosure of Confidential or
11 Attorney's Eyes Only Material to a proposed adverse expert or consultant must be
12 supported by clearly articulated extraordinary circumstances. The fact that the
13 proposed expert or consultant was previously retained or testified in another civil
14 action or the fact that the proposed expert or consultant works or worked for a
15 competitor of a party or in the same industry shall not serve as a basis to preclude
16 the disclosure of Confidential or Attorney's Eyes Only Material to a proposed
17 expert or consultant.
18         (d)   The authors, senders, addressees, and designated copy recipients of
19 the producing party's CONFIDENTIAL INFORMATION.
20         (e)   Any other person as to whom the parties agree and who has agreed
21 in writing to be bound by the terms of this stipulation.
22         (f)   The Court and Court personnel including stenographic reporters and
23 jurors.
24         4.    The parties to this action and each party from whom discovery is
25 sought in this action may label or segregate documents and things produced by it,
26 its answers to interrogatories, or any of its other responses to discovery demands
27 as ATTORNEY'S EYES ONLY to the extent that it believes in good faith that
28 such documents, things, answers or responses (hereinafter "ATTORNEY'S EYES

1  ONLY MATERIAL") include extraordinarily sensitive trade secrets or other
2  confidential research, development or commercial information. Each such
3  document, things, answers or response shall be stamped "ATTORNEY'S EYES
4  ONLY" on each page containing confidential material. Such labeling or
5  segregation shall be made at the time that a response to a discovery demand is
6  made. Information falling within the scope of this paragraph disclosed during
7  depositions upon oral examination under F.R.C.P. 30 that is to be treated as
8  ATTORNEY'S EYES ONLY MATERIAL under this paragraph shall be
9  designated as attorneys' eyes only by the deponent or his counsel prior to the
10 completion of such deposition and shall be bound separately and labeled
11 ATTORNEY'S EYES ONLY.
12        5.   Except as otherwise directed by a court of competent jurisdiction,
13 ATTORNEY'S EYES ONLY information received from a party shall be used
14 solely for purposes directly related to the preparation for trial in this action only
15 and may be disclosed by persons receiving such information only to the following
16 persons:
17        (a)   All counsel of record for the respective parties to this litigation who
18 are not employees, officers, shareholders, or directors of the party receiving such
19 ATTORNEY'S EYES ONLY MATERIAL, including employees of the law firm
20 of counsel of record.
21        (b)   Any independent outside experts or consultants retained by any of
22 the parties to this action or their counsel for purposes of this litigation who are not
23 employees, officers, shareholders, or directors of the party receiving such
24 ATTORNEY'S EYES ONLY MATERIAL, including their secretarial and clerical
25 personnel, provided that such outside experts and consultants have first read this
26 Stipulation and Protective Order and have agreed in writing to adhere to the
27 provisions thereof and consent to the jurisdiction of the United States District
28 Court for The Central District of California for any action brought as a result of

1 any violation of this Stipulation and Protective Order, which writing shall then be
2 served upon counsel for the parties together with the address of the outside expert
3 or consultant, and further provided that no disclosure may take place until the
4 expiration of ten (10) business days after such service of the Written Objection,
5 after which, disclosure may proceed unless application for court order preventing
6 disclosure has been filed with the District Court no later than twenty (20) days
7 after service of the Written Objection.

8     (c) The authors, senders, addressees, and designated copy recipients of
9 the producing party's ATTORNEY'S EYES ONLY MATERIAL.

10     (d) Any other person as to whom the parties have mutually agreed in
11 writing in advance and who have agreed in writing to be bound by the terms of
12 this stipulation.

13     (e) The Court and Court personnel including stenographic reporters.

14     6. If a party anticipates disclosing Confidential or Attorney's Eyes Only
15 Material to a third party during a deposition, the parties shall attempt to reach
16 agreement on the disclosure of the materials. The burden of persuasion in any
17 challenge to the disclosure of materials to a third party during a deposition shall be
18 on the party who designated the materials as Confidential or Attorney's Eyes Only
19 and that party must be able to articulate a specific reason why the deponent's
20 agreement to be bound by the terms of this stipulation would not adequately
21 protect that party's privacy interests.

22     Prior to trial of the case, counsel for the parties shall attempt to reach
23 agreement on the handling of Confidential Material or Highly Confidential
24 Material at trial, and shall submit such agreement, or proposals if no agreement
25 can be reached, to the Court for consideration.

26     7. An inadvertent failure to designate qualified information or items as
27 "Confidential Material" or "Attorneys' Eyes Only Material" does not, standing
28 alone, waive the designating party's right to secure protection under this Order for

such material. If material is appropriately designated as "Confidential Material" or "Attorneys' Eyes Only Material" after the material was initially produced, the receiving party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8. Mass, indiscriminate, or routine designations are prohibited. If it comes to a party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party must promptly notify all other parties that it is withdrawing the mistaken designation. This Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein with notice, including a declaration that MATERIALS designated CONFIDENTIAL MATERIAL is not within the scope of Fed. R. Civ. P. 26(c)(7). If such an application is made, nothing herein shall alter any burden of proof that would otherwise apply in determining whether the requested information is within the scope of Fed. R. Civ. P. 26(c)(7).

9. Upon final termination of this action each party or other person subject to the terms hereof shall be under an obligation to assemble and return to the originating source, should such source so request, or destroy all CONFIDENTIAL MATERIAL and ATTORNEY'S EYES ONLY MATERIALS, provided, however, that one counsel of record for each party may retain one copy of each said document solely for reference in the event of a dispute over the use or dissemination of information subject to the terms herein established or over compliance with final judgment.

10. The United States District Court for the Central District of California retains jurisdiction of all matters arising under this Order.

11. The terms of this Stipulation and Order shall be binding upon the parties hereto as soon as executed by said parties or their counsel independently and irrespective of approval by the Court.

12. If a document containing CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIALS is filed with the Court, it shall be filed with the Court under seal as provided by the Rule 79-5 of the Court.

13. Any material violation of any provision of this order would be basis for holding the party violating such order in contempt of court.

14. The provisions of this Protective Order shall survive termination of this action.

SO ORDERED:

Los Angeles, California   1/8/08   *[signature]*
Date:                              United States District Judge

Date: Jan 4, 2008

*[signature]*

Gerard F. Dunne
Attorneys for Defendants Avon Products, Inc. and E&B Giftware, LLC.
Admitted pro hac vice
Law Offices of Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, NY 10010
Telephone: 212-645-2410
Facsimile: 212-645-2435
Email: gfdunee@covad.net

Date: January 4, 2008

*[signature]*

Darren Enenstein (SBN 195894)
O. Andrew Wheaton (SBN 151811)
Attorneys for Plaintiff Atlantis Enterprises, Inc.
Richardson & Patel, LLP
10900 Wilshire Blvd., Suite 500
Los Angeles, CA 90024
Telephone: 310-208-1182
Facsimile: 310-208-1154
Email: denenstein @richardsonpatel.com
awheaton @richardsonpatel.com

EXHIBIT "A"

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury under the laws of the State of California that I have read in its entirety and understand the Stipulated and Protective that was issued by the United States District Court for the Central District of California on _____ [date] in the case of <u>Atlantis Enterprises, Inc. v. Avon Products, Inc., et al.</u>, Case No. CV 07-3062-ABC (SSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

If I reside outside of the State of California, I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

1  Date:_____

2  City and State where signed:_____

3
   Printed name:_____
4                        [printed name]

5
   Signature:_____
6                     [signature]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that a copy of **STIPULATION AND PROPOSED PROTECTIVE ORDER** was filed electronically with the Clerk of the Court this 4th day of January 2008, and will be served electronically to designated CM/ECF participant counsel through the court's electronic filing system and mailed served to the other interested parties in this action.

s/ Holidae Crawford

## SERVICE LIST

**ELECTRONIC SERVICE**
Gerard F. Dunne, Esq.
**LAW OFFICES OF GERARD F. DUNNE, P.C.**
156 Fifth Avenue, Suite 1223
New York, New York 10010
(212) 645-2410
(212) 65-2435 facsimile
**Attorney for Defendants,**
**Avon Products, Inc and**
**E&B Giftware, LLC**

**MAIL SERVICE**
Gary C. Eto, Esq.
**LAW OFFICE OF GARY C. ETO**
1455 Crenshaw Boulevard, No. 150
Torrance, California 90501
(310) 320-7700
(310) 320-7708 facsimile
**Attorney for Defendants,**
**Avon Products, Inc and**
**E&B Giftware, LLC**