**COURTESY COPY**

1  DARREN ENENSTEIN (SBN 195894)          ELECTRONICALLY FILED
   denenstein@richardsonpatel .com
2  O. ANDREW WHEATON (SBN 151811)
   awheaton@richardsonpatel.com
3  RICHARDSON & PATEL LLP
   10900 Wilshire Boulevard, Suite 500
4  Los Angeles, California 90024
   Telephone: (310) 208-1182
5  Facsimile: (310) 208-1154

6  Attorneys for Plaintiff
   Atlantis Enterprises, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  ATLANTIS ENTERPRISES, INC., a        Case No.: CV 07-03062-ABC (SSx)
    California Corporation,
12                                        [PROPOSED] PROTECTIVE ORDER
                    Plaintiffs,
13
14       vs.
15  AVON PRODUCTS, INC., a New York
    corporation; *et al.,*
16
                    Defendants.
17

18

19       Having read and considered the parties' Stipulation IT IS HEREBY ORDERED

20  AS FOLLOWS:

21       1.    The parties in this action and each party from whom discovery is sought in

22

23  this action may label or segregate documents and things produced by it, its answers to

24  interrogatories, or any of its other responses to discovery demands, as

25  CONFIDENTIAL to the extent that it believes in good faith that such documents,

26

27  things, answers, or responses (hereinafter "CONFIDENTIAL MATERIAL") contain

28

---

1

non-public trade secrets or other confidential research, development, or commercial information.  Each such document, things, answer, or response shall be stamped "Confidential" on each page containing confidential material.  Such labeling or segregation shall be made at the time that a response to a discovery demand is made. Information disclosed during depositions upon oral examination under F.R.C.P. 30 that is to be treated as CONFIDENTIAL MATERIAL under this Protective Order, shall be designated as CONFIDENTIAL by the deponent or his counsel prior to the completion of such deposition and shall be bound separately and labeled CONFIDENTIAL.

2.     CONFIDENTIAL MATERIAL received from a party shall be transmitted to or used only by persons permitted access to it pursuant to Paragraph 3 below; and shall be used solely for purposes directly related to the preparation for trial in this action only.

3.     Except as otherwise directed by a Court of competent jurisdiction, CONFIDENTIAL MATERIAL received from a party may be disclosed by persons receiving said material only to the following persons:

(a)     Counsel of record for the respective parties to this litigation, including employees of the law firm of such counsel of record.

(b)     The parties, employees and agents of the parties to this action who have a need to review such information for the sole purposes of assisting counsel in this action or to participate in settlement discussions.

(c)    Any independent outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation, including their secretarial and clerical personnel, provided that the outside experts and consultants have first read this Stipulation and Protective Order and have agreed in writing as set forth in the attached Acknowledgment and Agreement To Be Bound, to adhere to the provisions thereof and consent to the jurisdiction of the United States District Court for The Central District of California for any action brought as a result of any violation of this Stipulation and Protective Order, which writing shall then be served upon counsel for each party together with the address of the outside expert or consultant, and further provided that no disclosure may take place until the expiration of ten (10) business days after such service is made upon counsel for each other party (the "Written Objection"), after which, disclosure may proceed unless application for court order preventing disclosure has been filed with the District Court no later than twenty (20) days after service of the Written Objection.  Any application/motion to prevent the disclosure of Confidential or Attorney's Eyes Only Material to a proposed adverse expert or consultant must be supported by clearly articulated extraordinary circumstances.  The fact that the proposed expert or consultant was previously retained or testified in another civil action or the fact that the proposed expert or consultant works or worked for a competitor of a party or in the same industry shall not serve as a

basis to preclude the disclosure of Confidential or Attorney's Eyes Only Material to a proposed expert or consultant.

(d)     The authors, senders, addressees, and designated copy recipients of the producing party's CONFIDENTIAL INFORMATION.

(e)     Any other person as to whom the parties agree and who has agreed in writing to be bound by the terms of this stipulation.

(f)     The Court and Court personnel including stenographic reporters and jurors.

4.     The parties to this action and each party from whom discovery is sought in this action may label or segregate documents and things produced by it, its answers to interrogatories, or any of its other responses to discovery demands as ATTORNEY'S EYES ONLY to the extent that it believes in good faith that such documents, things, answers or responses (hereinafter "ATTORNEY'S EYES ONLY MATERIAL") include extraordinarily sensitive trade secrets or other confidential research, development or commercial information.  Each such document, things, answers or response shall be stamped "ATTORNEY'S EYES ONLY" on each page containing confidential material.  Such labeling or segregation shall be made at the time that a response to a discovery demand is made.  Information falling within the scope of this paragraph disclosed during depositions upon oral examination under F.R.C.P. 30 that is to be treated as ATTORNEY'S EYES ONLY MATERIAL under this paragraph

shall be designated as attorneys' eyes only by the deponent or his counsel prior to the completion of such deposition and shall be bound separately and labeled ATTORNEY'S EYES ONLY.

5.      Except as otherwise directed by a court of competent jurisdiction, ATTORNEY'S EYES ONLY information received from a party shall be used solely for purposes directly related to the preparation for trial in this action only and may be disclosed by persons receiving such information only to the following persons:

(a)      All counsel of record for the respective parties to this litigation who are not employees, officers, shareholders, or directors of the party receiving such ATTORNEY'S EYES ONLY MATERIAL, including employees of the law firm of counsel of record.

(b)      Any independent outside experts or consultants retained by any of the parties to this action or their counsel for purposes of this litigation who are not employees, officers, shareholders, or directors of the party receiving such ATTORNEY'S EYES ONLY MATERIAL, including their secretarial and clerical personnel, provided that such outside experts and consultants have first read this Stipulation and Protective Order and have agreed in writing to adhere to the provisions thereof and consent to the jurisdiction of the United States District Court for The Central District of California for any action brought as a result of any violation of this Stipulation and Protective Order, which writing shall then be served upon counsel for

the parties together with the address of the outside expert or consultant, and further provided that no disclosure may take place until the expiration of ten (10) business days after such service of the Written Objection, after which, disclosure may proceed unless application for court order preventing disclosure has been filed with the District Court no later than twenty (20) days after service of the Written Objection.

(c)     The authors, senders, addressees, and designated copy recipients of the producing party's ATTORNEY'S EYES ONLY MATERIAL.

(d)     Any other person as to whom the parties have mutually agreed in writing in advance and who have agreed in writing to be bound by the terms of this stipulation.

(e)     The Court and Court personnel including stenographic reporters.

6.     If a party anticipates disclosing Confidential or Attorney's Eyes Only Material to a third party during a deposition, the parties shall attempt to reach agreement on the disclosure of the materials.  The burden of persuasion in any challenge to the disclosure of materials to a third party during a deposition shall be on the party who designated the materials as Confidential or Attorney's Eyes Only and that party must be able to articulate a specific reason why the deponent's agreement to be bound by the terms of this stipulation would not adequately protect that party's privacy interests.

Prior to trial of the case, counsel for the parties shall attempt to reach agreement on the handling of Confidential Material or Highly Confidential Material at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

7.     An inadvertent failure to designate qualified information or items as "Confidential Material" or "Attorneys' Eyes Only Material" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential Material" or "Attorneys' Eyes Only Material" after the material was initially produced, the receiving party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8.     Mass, indiscriminate, or routine designations are prohibited.  If it comes to a party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party must promptly notify all other parties that it is withdrawing the mistaken designation.  This Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein with notice, including a declaration that MATERIALS designated CONFIDENTIAL MATERIAL is not within the scope of Fed. R. Civ. P. 26(c)(7).  If such an application is made, nothing herein shall alter any burden of proof that would otherwise apply in

determining whether the requested information is within the scope of Fed. R. Civ. P. 26(c)(7).

9.   Upon final termination of this action each party or other person subject to the terms hereof shall be under an obligation to assemble and return to the originating source, should such source so request, or destroy all CONFIDENTIAL MATERIAL and ATTORNEY'S EYES ONLY MATERIALS, provided, however, that one counsel of record for each party may retain one copy of each said document solely for reference in the event of a dispute over the use or dissemination of information subject to the terms herein established or over compliance with final judgment.

10.   The United States District Court for the Central District of California retains jurisdiction of all matters arising under this Order.

11.   The terms of this Stipulation and Order shall be binding upon the parties hereto as soon as executed by said parties or their counsel  independently and irrespective of approval by the Court.

12.   If a document containing CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIALS is filed with the Court, it shall be filed with the Court under seal as provided by the Rule 79-5 of the Court.

//

//

13.     Any material violation of any provision of this order would be basis for holding the party violating such order in contempt of court.

14.     The provisions of this Protective Order shall survive termination of this action.

IT IS SO ORDERED.

Dated: 1-10-08                    _____
                                          Hon. Audrey B. Collins
                                          United States District Court Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the **[PROPOSED] PROTECTIVE ORDER**

was filed electronically with the Clerk of the Court this 9th day of January 2008, and

will be served electronically to designated CM/ECF participant counsel through the

court's electronic filing system and mailed served to the other interested parties in this

action.

<u>s/ Holidae Crawford</u>

1

**SERVICE LIST**

2

**ELECTRONIC SERVICE**

3

Gerard F. Dunne, Esq.

**LAW OFFICES OF GERARD F. DUNNE, P.C.**

4

156 Fifth Avenue, Suite 1223

5

New York, New York 10010

(212) 645-2410

6

(212) 65-2435 facsimile

7

**Attorney for Defendants,**

8

**Avon Products, Inc and**

**E&B Giftware, LLC**

9

10

**MAIL SERVICE**

11

Gary C. Eto, Esq.

**LAW OFFICE OF GARY C. ETO**

12

1455 Crenshaw Boulevard, No. 150

13

Torrance, California 90501

(310) 320-7700

14

(310) 320-7708 facsimile

15

**Attorney for Defendants,**

16

**Avon Products, Inc and**

**E&B Giftware, LLC**

17

18

19

20

21

22

23

24

25

26

27

28