## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3062 ABC (SSx) | Date | June 24, 2008 |
|---|---|---|---|
| Title | Atlantis Enterprises, Inc. v. Avon Products, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** PLAINTIFF'S MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) (In Chambers)

    On May 7, 2008, the Court denied Plaintiff's Motion to Disqualify defendant E&B Giftware's attorney Gerard F. Dunne. On May 16, 2008, Plaintiff filed a Motion for Certification Pursuant to 28 U.S.C. § 1292(b) ("Motion") seeking interlocutory review of the May 7 Order. On June 16, 2008, Defendant filed an Opposition, and on June 23, 2008, Plaintiff filed a Reply. The Court finds the motion appropriate for resolution without oral argument and **VACATES** the hearing set for June 30, 2008. See Fed. R. Civ. P. 78(b); Local Rule 7-15. Upon consideration of the materials submitted by the parties and the case file, the Court hereby **DENIES** the motion.

    The Court is authorized to certify interlocutory orders for appeal under certain conditions; that is, when the order: (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

    Plaintiff has not demonstrated that each of these conditions is present. First, Plaintiff argues that whether Dunne is allowed to serve as Defendant's trial counsel is a "controlling question of law." However, Plaintiff's argument simply rehashes its view that a jury may unjustifiably find Dunne's testimony as a witness credible because he will also be serving as an attorney for Defendant. However, as the Court made clear in the May 7 Order, that possibility can be mitigated at trial; in addition, having Dunne play two roles before a jury is not without risk for Defendant. Furthermore, although Dunne's acting as trial counsel may, for example, affect Plaintiff's trial strategy, Plaintiff simply has not shown how the question of whether Dunne may act as trial counsel is a "controlling" question of law.

    The Court also rejects Plaintiff's argument on the second factor: that, in deciding the disqualification motion, the Court should have analyzed whether Dunne's testimony is, in fact,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3062 ABC (SSx) | Date | June 24, 2008 |
|---|---|---|---|

| Title | Atlantis Enterprises, Inc. v. Avon Products, Inc., et al. |
|---|---|

genuinely needed, or, at least, that a substantial basis for difference of opinion exists as to whether the Court had to conduct that analysis. Plaintiff's view that the Court erred by not analyzing whether Dunne's testimony is needed is unsupported by the case to which Plaintiff itself cites. In Smith, Smith & Kring v. Superior Court, 60 Cal.App.4th 573 (1997), the Court stated that, "Whenever an adversary declares his intent to call opposing counsel as a witness, *prior to ordering disqualification of counsel*, the court should determine whether counsel's testimony is, in fact, genuinely needed." Smith, Smith & Kring, 60 Cal.App.4th at 580 (citation omitted) (emphasis added). The apparent purpose of this inquiry is to avoid imposing the drastic remedy of disqualifying counsel unless that remedy is absolutely necessary, that is, when an attorney who will testify should be disqualified as trial counsel, and when his testifying as a witness is unavoidable. In that case, the Court is forced to choose for the parties which of the two roles the attorney will play because it has already found that the attorney could not play both roles. For example, if the Court finds, as an initial matter, that an attorney cannot function as both trial counsel and as a witness, and determines that no one else can supply the necessary testimony, then the Court would have to disqualify the attorney so he could provide the necessary testimony. If, however, the Court determines that another person could provide the same testimony at trial, then there is no need to have that attorney act as a witness; instead, that attorney would act only as trial counsel and would not be called as a witness. Here, as the May 7 order explained, the Court never needed to reach the question of whether Dunne's testimony is necessary because it had already determined that none of the other factors favored disqualifying Dunne. Having resolved those factors against disqualifying Dunne, Dunne's role in this case was never an "either/or" proposition requiring the Court to choose whether he would be either Defendant's trial counsel or a witness. The Court's analysis in the May 7 Order is therefore consistent with Smith, Smith & Kring. Plaintiff has failed to show that there is "a substantial ground for difference of opinion" on this question.

      For the foregoing reasons, the Court hereby **DENIES** the Motion for Certification Pursuant to 28 U.S.C. § 1292(b).

**IT IS SO ORDERED.**

                                                                                                                                                                                     :

Initials of Preparer   DA