UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3062 ABC (SSx) | Date | January 14, 2010 |
|---|---|---|---|
| Title | Atlantis Enterprises, Inc. v. Avon Products Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    ORDER DENYING MOTION FOR ATTORNEY'S FEES (In Chambers)

Pending before the Court is Defendant E&B Giftware's motion for attorney's fees. Mot. (Docket # 144). Plaintiff filed an opposition and Defendant filed a reply. Opp'n (Docket # 159), Reply (Docket # 160). The Court previously found the motion appropriate for resolution without oral argument and took it under submission. See October 20, 2009 Minute Order (Docket # 162). Upon consideration of the materials submitted by the parties and the case file, the Court hereby **DENIES** the motion.

**I.    BACKGROUND**

This is a design patent case in which Plaintiff brought a single cause of action alleging that Defendant, as well as Avon Products, Inc., infringed its patent for illuminated tweezers. See Compl. ¶ 29 (Docket # 1). The parties litigated the case for over two years, with the case progressing through a Markman hearing and an order on claim construction. In May 2009, Plaintiff requested that the case be dismissed without prejudice. The Court ruled that dismissal without prejudice was improper, July 10, 2009 Minute Order (Docket # 137), and Plaintiff ultimately dismissed the case with prejudice, see July 29, 2009 Minute Order (Docket # 143). Defendant then filed the pending motion for attorney's fees under 35 U.S.C. § 285 ("Section 285") and 28 U.S.C. § 1927 ("Section 1927").

**II.    REQUEST FOR FEES UNDER SECTION 285**

Defendant first moves for fees pursuant to Section 285. To adjudicate that aspect of the motion, the Court must first determine whether Defendant is the prevailing party, a threshold requirement of Section 285. If Defendant is the prevailing party, the Court next determines whether this is an "exceptional" case warranting an award of attorney's fees.

   **A.    Determination of Prevailing Party**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3062 ABC (SSx) | Date | January 14, 2010 |
|---|---|---|---|
| Title | Atlantis Enterprises, Inc. v. Avon Products Inc., et al. | | |

Federal Circuit law applies in determining whether Defendant is the prevailing party in patent cases. Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1320 (Fed. Cir. 2004) ("[W]e have made clear that we 'apply our own law to define the meaning of prevailing party in the context of patent litigation.'" (quoting Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1181 (Fed. Cir. 1996)). "In determining whether a party is a prevailing party in patent litigation, we apply the general principle that to be a prevailing party, one must receive at least some relief on the merits, which alters the legal relationship of the parties." Id. (quoting Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1364 (Fed. Cir. 2003)) (internal quotations omitted).

A dismissal with prejudice renders the Defendant the "prevailing party" for purposes of attorney's fees under Section 285. See Highway Equip. Co. v. FECO, Ltd., 469 F.3d 1027, 1035-36 (Fed. Cir. 2006). Accordingly, Defendant is the "prevailing party" in this litigation.

**B.     Determination of Whether Fees Are Warranted**

The parties also dispute whether an award of fees is warranted under Section 285. Federal Circuit law applies to the Section 285 analysis. Digeo, Inc. v. Audible, Inc., 505 F.3d 1362, 1366 (Fed. Cir. 2007). The determination of whether to award fees to a prevailing party is a two-step process in which the court must (1) determine whether there is clear and convincing evidence that a case is exceptional and, (2) if it is exceptional, determine in its discretion whether an award of attorney's fees is justified. Id. at 1366-67. "In the case of awards to prevailing accused infringers . . ., 'exceptional cases' are normally those of bad faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent." Cambridge Prods., Ltd. v. Penn Nutrients, Inc., 962 F.2d 1048, 1050-51 (Fed. Cir. 1992).

In its moving papers, Defendant identified several purported instances of Plaintiff's litigation misconduct. Plaintiff filed a bare-bones opposition that failed to address several key contentions raised by Defendant.[1] In particular, Plaintiff failed to even attempt to refute Defendant's arguments that Plaintiff:

- continued the litigation without a good faith basis;[2]

- made bad faith evidentiary objections, thereby forcing Defendant to conduct unnecessary discovery;

---

[1] Plaintiff's opposition contains less than three pages of argument, and incorporates by reference another brief that contains roughly one page of argument. Roughly half of Plaintiff's argument focuses on whether Defendant is the prevailing party.

[2] For the reasons stated below, the period of purported bad faith continuation of the litigation was not as broad as Defendant identified. See infra at 4 n.6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3062 ABC (SSx) | Date | January 14, 2010 |
|---|---|---|---|
| Title | Atlantis Enterprises, Inc. v. Avon Products Inc., et al. | | |

- forced Defendant to defend against a vexatious motion for certification of interlocutory appeal of the denial of the motion to disqualify Defendant's counsel;[3] and

- improperly frustrated the deposition of the inventor and principal of Plaintiff, including asserting false medical conditions.

See Mot. at 8-10.  The Court takes Plaintiff's silence as admissions.  See Newdow v. Congress of the United States of America, 435 F. Supp. 2d 1066, 1070 n.5 (E.D. Cal. 2006) (failure to refute arguments in opposition brief deemed non-opposition to those aspects of motion).  Accordingly, it is undisputed that Plaintiff engaged in the above instances of litigation misconduct.

From these admissions alone, Defendant has arguably established the exceptional nature of this case by clear and convincing evidence.[4]  In the end, however, the Court need not definitively make such a ruling because it would not award attorney's fees to Defendant at any rate.  Even where there is clear and convincing evidence that the case is exceptional, an award of fees does not follow automatically.  Modine Mfg. Co. v. Allen Group, Inc., 917 F.2d 538, 543 (Fed. Cir. 1990) (affirming denial of attorney's fees despite finding of exceptionality).  The Court retains broad discretion to deny fees.  See S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201 (Fed. Cir. 1986).  In exercising that discretion, the Court considers a number of factors, including the "closeness of the case, tactics of counsel, the conduct of the parties and any other factors that may contribute to a fairer allocation of the burdens of litigation as between winner and loser."  Id.  The Court may consider the litigation actions of both sides in deciding whether fees should be awarded.  Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1575 (Fed. Cir. 1996).  Thus, fees may be denied where the movant itself engaged in litigation misconduct.  Motorola, Inc. v. Interdigital Tech. Corp., 121 F.3d 1461, 1468 (Fed. Cir. 1997) ("[E]ven if the district court found the case exceptional, it would have enjoyed considerable leeway to deny fees in light of [the movant's] own litigation misconduct."); Power Mosfet Techs., LLC v. Siemens AG, 378 F.3d 1396, 1415 (Fed. Cir. 2004) ("A party subjected to behavior warranting an award of . . . fees [under Section 285] might justifiably be denied those fees in a district court's discretion for the behavior to which it subjected others.")

In the motion in which it attacks Plaintiff's conduct in this litigation, Defendant itself engaged in highly questionable litigation tactics.  At best, Defendant's papers were rife with error and extremely sloppy; at worst, its arguments were misleading and/or made in bad-faith.  Most troubling to the Court,

---

[3] Defendant also identified the underlying motion for disqualification as being vexatious.  For the reasons stated below, the Court rejects that argument.  See infra at 3-4.

[4] The parties' briefs focus on the adequacy (or lack thereof) of Plaintiff's pre-suit investigation of its claims and whether Plaintiff had a good faith basis for bringing its claim.  The Court does not make a determination on those arguments because it would not alter the Court's ultimate determination that fees should not be awarded in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3062 ABC (SSx) | Date | January 14, 2010 |
|---|---|---|---|
| Title | Atlantis Enterprises, Inc. v. Avon Products Inc., et al. | | |

Defendant did not exhibit the candor expected of litigants.  In its pending motion, Defendant argued that Plaintiff's earlier-filed motion to disqualify counsel was vexatious.  Mot. at 10.  In making that argument now, Defendant did not acknowledge that it had previously argued that the motion was vexatious, see Opp'n to Mot. to Disqualify at 4-5 (Docket # 76) (requesting sanctions under Section 1927), **and that the Court explicitly rejected that argument**, see May 7, 2008 Minute Order at 3 (Docket # 88) (finding sanctions unwarranted).  A party who repeats an argument already rejected by the Court has a duty to acknowledge the Court's prior order and explain why it should not control.  See U.S. Commodity Futures Trading Com'n v. Lake Shore Asset Mgmt. Ltd., 540 F. Supp. 2d 994, 1015 (N.D. Ill. 2008) (attorneys "play with fire if they raise the same arguments over and over and fail to acknowledge prior adverse rulings").[5]  Here, Defendant simply ignored the prior order.[6]

Similarly, Defendant makes bold legal assertions without citation to any authority when there is binding case law directly to the contrary.  For example, a cornerstone of Defendant's motion that fees are appropriate under Section 285 is the weakness or inadequacy of Plaintiff's pre-suit investigation, including that it purportedly failed to get an appropriate opinion from patent counsel.  See, e.g., Mot. at 6.  Plaintiff's opposition noted that it was unaware of any legal authority "that mandates that patent infringement litigation can only be initiated after the claimant obtains from someone qualified to render such an opinion that their matter has 'merit.'"  Opp'n at 3.  In arguing that the case is exceptional on

---

[5] Most charitably viewed, Defendant's counsel failed to actually read the Court's order denying the motion that it now argues was brought vexatiously.  Even in that light, however, Defendant's counsel was reckless in raising this frivolous argument.

[6] Similarly, Defendant argued that Plaintiff continued the litigation without a good faith basis following the Court's May 7, 2008 claim construction order.  See, e.g., Mot. at 9-10.  Defendant ignored the fact that, shortly after issuing that order, the Court stayed the case pending the Federal Circuit's rehearing en banc of Egyptian Goddess, Inc. v. Swisa, Inc., 498 F.3d 1354 (Fed. Cir. 2007) because the Court concluded that the en banc opinion was likely to have a material effect on the outcome of this litigation.  June 25, 2008 Minute Order (Docket # 103).  Among other issues potentially impacting this case, was the en banc panel's consideration of altering the law on claim construction for design patents.  See id. (taking judicial notice of amicus brief filed by the American Intellectual Property Law Association, which urged changing the law on claim construction for patent designs); see also Mot. to Stay Proceedings at 4-5 (Docket # 93) (relying on amicus brief in arguing that en banc panel may change claim construction for design patents).  Thus, at least for part of the period identified by Defendant as constituting a wrongful continuation of this action, the Court had indicated that there was at least some possibility that its claim construction ruling might not stand.  Indeed, the Court's finding that the en banc opinion was likely to materially impact this litigation by necessity means that there was a possible basis for Plaintiff to prevail.  After the en banc order was issued, the Court ultimately denied Plaintiff's motion for reconsideration of the claim construction order.  November 20, 2008 Minute Order (Docket # 117).  As of November 20, 2008, perhaps Defendant's argument carries weight.  But Defendant provides no explanation as to how Plaintiff continued the litigation in bad faith for the preceding six months.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3062 ABC (SSx) | Date | January 14, 2010 |
|---|---|---|---|
| Title | Atlantis Enterprises, Inc. v. Avon Products Inc., et al. | | |

reply, Defendant countered without citation that "presuit investigations from competent patent counsel **are required** before filing a patent suit against a competitor." Reply at 7 (emphasis added). Defendant's argument is contrary to long-settled Federal Circuit authority. Machinery Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 473 (Fed. Cir. 1985) ("Failure to obtain advice of counsel does not conclusively establish . . . a patentee's bad faith or in itself make the case 'exceptional.'") Defendant does not cite to any contrary authority and does not otherwise explain how its position is supported in the law.[7]

Other aspects of Defendant's papers also make clear that the motion was not sufficiently researched. For example, Defendant relies solely on Ninth Circuit and California law regarding its contention that it is the prevailing party, Mot. at 2-3, Reply at 4-6, when a few minutes of research would have revealed clearly established precedent stating unambiguously that Federal Circuit law applies to that determination, e.g., Inland Steel, 364 F.3d at 1320. Indeed, the Federal Circuit has even more specifically held that determining whether an accused infringer is a prevailing party under Section 285 following a voluntary dismissal with prejudice is "a matter of Federal Circuit law." Highway Equip., 469 F.3d at 1032. Defendant provides no explanation as to why that case law does not control here.

Finally, Defendant's tactics in pursuing the motion are also questionable. For example, without citing to any evidentiary support and without further explanation, Defendant's motion states: "The hourly rates and expenditures of counsel for EB Brands are within appropriate standards." Mot. at 10. There is no discussion in the opening brief of the rates charged or hours spent, but rather such information was provided only in one of several declarations that was filed but not cited in the brief as supporting this contention. See id.; Second Decl. of F.J. Penny Zahler (Docket # 148). Details about the fee request first surfaced in a brief on reply, where Defendant asserted that the reasonableness of its fee request was undisputed because Plaintiff failed to argue otherwise in its opposition. See Reply at 6, 7. The Court will not countenance such unfair tactics. Cf. Ghahremani v. Gonzales, 498 F.3d 993, 997 (9th Cir. 2007) ("Issues raised in a brief that are not supported by argument are deemed abandoned." (quoting Martinez-Serrano v. I.N.S., 94 F.3d 1256, 1259 (9th Cir. 1996)).

These are but examples of the problems with Defendant's papers.[8] To say the least, it takes considerable chutzpah for Defendant to argue that its fees should be paid because Plaintiff brought motions and continued litigation without a good faith basis when Defendant's own motion raises various

---

[7] Defendant could legitimately have argued that, while not dispositive, the failure to obtain an opinion from patent counsel is relevant to a determination of exceptionality. Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1035 (Fed. Cir. 2002) (while "not conclusive," failure to procure favorable infringement opinion prior to filing suit "may be relevant"). But rather than research and/or analyze the nuances of the law, it asked the Court to adopt a clearly erroneous proposition.

[8] Although the Court focuses its analysis on Defendant's misconduct as it relates to the pending motion, such failings were not limited to the pending motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3062 ABC (SSx) | Date | January 14, 2010 |
|---|---|---|---|
| Title | Atlantis Enterprises, Inc. v. Avon Products Inc., et al. | | |

frivolous arguments that ignore binding Federal Circuit precedent or orders by this Court in this case on the exact issue. While standing alone each of the examples of Defendant's misconduct may not warrant denying an award of attorney's fees, taken together they convince the Court that an award of fees is not proper in this case. Motorola, 121 F.3d at 1468; Power Mosfet Techs., 378 F.3d at 1415. Hence, the Court finds that Defendant is not deserving of having its fees paid by Plaintiff.

**IV.   REQUEST FOR FEES UNDER SECTION 1927**

Defendant also moved for fees under Section 1927, which allows the imposition of fees where an attorney "multiplies the proceedings . . . unreasonably and vexatiously." See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002).[9] "Section 1927 is permissive, not mandatory. The court is not obliged to grant sanctions once it has found unreasonable and vexatious conduct. It may do so in its discretion." Corley v. Rosewood Care Ctr., Inc., 388 F.3d 990, 1014 (7th Cir. 2004); see also 28 U.S.C. § 1927 (attorney "*may* be required by the court" to pay fees) (emphasis added). For the same reason the Court finds that fees should not be awarded under Section 285, it similarly finds that fees are inappropriate under Section 1927. See Kessler v. Superior Care, Inc., 127 F.R.D. 513, 524 (N.D. Ill. 1989) (refusing to award fees under Section 1927 where movant was also engaged in misconduct).

**V.   REQUEST FOR COSTS UNDER RULE 54**

Defendant has also sought to recover costs with the Court's clerk pursuant to Fed. R. Civ. P. 54. The Court previously ordered the clerk to refrain from ruling on that request until the Court could analyze whether Defendant is a prevailing party entitled to recover costs. See September 15, 2009 Minute Order (Docket # 158). Federal Circuit law applies to determine whether Defendant is the "prevailing party" for purposes of Rule 54. Power Mosfet Techs., 378 F.3d at 1407, 1416. Federal Circuit precedent makes clear that Defendant is the prevailing party in light of Plaintiff's voluntary dismissal with prejudice. Id. at 1416.

The Court next considers whether there is sufficient reason not to award costs. See Fed. R. Civ. P. 54(d)(1) (costs recoverable by prevailing party unless "a court order provides otherwise"). The Court's exercise of discretion in awarding or denying costs to a prevailing party is governed by Ninth Circuit law. Power Mosfet Techs., 378 F.3d at 1407, 1416. Once the Court finds the movant to be a prevailing party, there is a "strong presumption" that costs should be awarded. Miles v. California, 320 F.3d 986, 988 (9th Cir. 2003); see also Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 593 (9th Cir. 2000) (en banc) (Rule 54 "establishes that costs are to be awarded as a matter of course in the ordinary case"). The non-movant bears the burden of showing that costs are not proper because the denial of costs is by nature a penalty. Nat'l Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1472 (9th Cir. 1995), rev'd on other grounds, 231 F.3d 572 (9th Cir. 2000). That burden can be met by establishing that "the prevailing party is guilty of some fault, misconduct, or default worthy of punishment." Id.

---

[9] Federal Circuit law does not control on the issue of whether sanctions are appropriate under Section 1927. See, e.g., Phonometrics, Inc. v. Westin Hotel Co., 350 F.3d 1242, 1246 (Fed. Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3062 ABC (SSx) | Date | January 14, 2010 |
|---|---|---|---|
| Title | Atlantis Enterprises, Inc. v. Avon Products Inc., et al. | | |

      While the Court enjoys broad discretion to deny fees, the Court's discretion to deny costs to a prevailing party is "narrowly confined" in light of the strong presumption that the prevailing party should recover costs. Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir. 1997); see also Ass'n of Mexican-American Educators, 231 F.3d at 591. With respect to costs under Rule 54, it is the non-movant's burden to establish misconduct worthy of punishment sufficient to overcome the strong presumption for awarding costs. Plaintiff has not even made that argument, let alone submitted evidence sufficient to establish that Defendant is guilty of sufficient misconduct to justify being penalized. Accordingly, the Court concludes that Defendant may recover costs under Rule 54.

**VI.   CONCLUSION**

      For the foregoing reasons, Defendant's motion for attorney's fees is **DENIED**. The Court also instructs the Court clerk that Defendant is entitled to recover costs.

      **IT IS SO ORDERED.**

**CC: Fiscal**

                                                            :

Initials of Preparer   AB